IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RALPH J. REDMAN,  )
        Plaintiff,  )
  )
    v.  )  Civil Action No. 05-1687
  )
  )
COMMISSIONER OF SOCIAL  )
SECURITY,  )
        Defendant.  )

<u>REPORT AND RECOMMENDATION</u>

I.   <u>Recommendation</u>

It is respectfully recommended that the defendant's motion for summary judgment (Docket No. 14) be granted; that the decision of the Commissioner be affirmed and that judgment be entered accordingly.

II.   <u>Report</u>

Presently before the Court for disposition are cross motions for summary judgment.

On December 7, 2005, Ralph J. Redman, by his counsel, filed a complaint pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. §405(g) for review of the Commissioner's final determination disallowing his claim for a period of disability or for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§416(i) and 423.[1]

On February 20, 2004, the plaintiff filed an application for disability benefits alleging that he had been disabled since September 28, 1999 (R.54-56), and benefits were denied on

---

1. Plaintiff's counsel moved for and was granted leave to withdraw on February 23, 2006.

March 29, 2004 (R. 38-42). On April 13, 2004, the plaintiff requested a hearing (R. 43) and pursuant to that request a hearing was held on March 9, 2005 (R.431-455). In a decision dated March 18, 2005, benefits were denied (R.12-24), and on May 20, 2005, reconsideration was requested (R.11). Upon reconsideration and in a decision dated October 14, 2005, the Appeals Council affirmed the prior determination (R.7-9). On December 7, 2005, the instant complaint was filed.

In reviewing an administrative determination of the Commissioner, the question before any court is whether there is substantial evidence in the agency record to support the findings of the Commissioner that the plaintiff failed to sustain his burden of demonstrating that he was disabled within the meaning of the Social Security Act. Richardson v. Perales, 402 U.S. 389 (1971); Adorno v. Shalala, 40 F.3d 43 (3d Cir. 1994).

It is provided in 42 U.S.C. Section 405(g) that:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive....

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)." Richardson v. Perales, supra., at page 401; Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999).

At the hearing held on March 9, 2005, (R.431-455), the plaintiff appeared with counsel (R.433) and testified that he was forty-five years of age (R.434); that he graduated from high school and attended six months of college (R.434); that he worked as a warehouseman for

2

sixteen years until he injured his back at work in 1999 (R.434-435) and that he settled his Worker's Compensation claim (R.439, 443).

The plaintiff also testified that he had disc surgery in 2001 (R.437); that he experiences low back and leg pain and has peripheral neuropathy (R.437, 438, 445); that he takes medication for pain and for muscle spasms (R.438, 444); that he can sit for ten to twenty minutes and has standing limitations (R.439-44) and that he performs limited household chores (R.442).

At the hearing a vocational expert also testified (R.450-454). He classified the plaintiff's prior work as very heavy unskilled labor (R.450). The witness was asked to assume a younger individual with a high school education who could perform light work with a sit/stand option and described a large number of jobs such an individual could perform (R.450). However the witness also testified that if the individual had to lie down for up to an hour a day, those jobs would not be available (R.451). The witness was next asked to assume a younger individual with a high school education who could perform light work which did not involve lifting more than twenty pounds and he testified that those same jobs would be available (R.453-454). The witness additionally testified that an individual in great pain could not perform those jobs (R.454).

The issue before the Court for immediate resolution is a determination of whether or not there is substantial evidence to support the findings of the Commissioner that the plaintiff was not disabled within the meaning of the Act.

The term "disability" is defined in 42 U.S.C. Section 423(d)(1)(A) as:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

For purposes of the foregoing, the requirements for a disability determination are provided in 42 U.S.C. Section 423(d)(2)(A):

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  For purposes of the preceding sentence ... "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. Section 423(d)(3). These provisions are also applied for purposes of establishing a period of disability. 42 U.S.C. Section 416(i)(2)(A).

While these statutory provisions have been regarded as "very harsh," nevertheless, they must be followed by the courts. NLRB v. Staiman Brothers, 466 F.2d 564 (3d Cir. 1972); Choratch v. Finch, 438 F.2d 342 (3d Cir. 1971); Woods v. Finch, 428 F.2d 469 (3d Cir. 1970). Thus, it must be determined whether or not there is substantial evidence in the record to support the conclusion of the Commissioner that the plaintiff was not disabled within the meaning of the Social Security Act.

For this purpose, certain medical evidence was reviewed.

An EMG conducted on September 7, 1999 showed lower extremity deficits and possible lumbar radiculopathy (R.151-153).

A spinal MRI performed on August 13, 1999 revealed slight spondylitic changes with osterphytosis at L2-3 (R.154).

In a report of an evaluation conducted on April 17, 2000, Dr. John B. Talbott diagnosed bilateral lumbar radiculopathy. He did conclude that the plaintiff was capable of performing sedentary and light work involving frequent carrying of up to ten pounds and occasional carrying of up to twenty-five pounds (R.155-158).

The plaintiff was hospitalized at Mercy Hospital from January 3, 2001 through January 5, 2001 for a herniated lumbar disc. A L4-5 left hemilaminectomy was performed. Upon discharge the plaintiff was ambulating "more freely".

The plaintiff had an outpatient epidural block administered on September 12, 2001 for low back pain (R.162-167).

The plaintiff had a right side lumbar epidural block performed on November 1, 2001 (R.168-172).

The plaintiff was treated for back and leg pain by Dr. Arthur H. Palmer between September 20, 1999 and January 22, 2002 (R.173-193).

The plaintiff attended physical therapy between October 4, 1999 and July 31, 2002 (R.194-297).

Dr. Randall D. Borland was deposed on April 17, 2003 and testified that the plaintiff was his patient since about seven months after his back surgery and that the plaintiff was capable of engaging in light-duty work (R.296-337).

The plaintiff was evaluated at Tri Rivers Bone and Joint Medicine and Surgery on August 23, 2001 and November 17, 2003 for low back pain and right leg pain. It was concluded that the

plaintiff could "certainly" perform light duty work. It was further noted that the plaintiff could stand, walk or sit for four to six hours (R.338-354).

The plaintiff was awarded Workers' Compensation settlement benefits on February 5, 2004 resulting from his November 29, 1998 injury. However, the plaintiff did testify at that time that his doctor had released him to perform light-duty work, but he was not offered that work by his employer (R.58-95).

The plaintiff was treated at Laurel Physiatry, Inc. between October 24, 2001 and March 10, 2004 for chronic lower back and leg pain. He was treated with medication and a physical conditioning program was recommended (R.355-390).

After reviewing the medical evidence and in a residual functional capacity assessment completed on March 23, 2004, it is noted that the plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and stand, walk or sit for about six hours (R.391-400).

In a report dated June 10, 2004, Dr. Randall D. Borland diagnosed chronic nonspecific back and leg pain, mild peripheral neuropathy and status post disc surgery. The plaintiff's medications were to be reevaluated (R.407-408). Dr. Borland repeated this diagnosis on December 8, 2004 (R.425).

The plaintiff was treated by Dr. Tatiana Leibu between March 3, 2004 and December 14, 2004 for eye problems, weight loss and back and knee pain (R.409-424).

In reviewing a disability claim, in addition to considering the medical and vocational evidence, the Commissioner must consider subjective symptoms. Baerga v. Richardson, 500 F.2d 309 (3d Cir. 1974). As the court stated in Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971):

>Symptoms which are real to the claimant, although unaccompanied by objective medical data, may support a claim for disability benefits, providing, of course, the claimant satisfies the requisite burden of proof.
>
>In Good v. Weinberger, 389 F. Supp. 350, 353 (W.D. Pa. 1975), the Court stated:
>
>Bittel seeks to help those claimants with cases that so often fall within the spirit-- but not the letter--of the Act. That plaintiff did not satisfy the factfinder in this regard, so long as proper criteria were used, is not for us to question.

The applicable regulations require more explicit findings concerning the various vocational facts which the Act requires to be considered in making findings of disability in some cases. The regulations, published at 20 C.F.R. §§404.1501, et seq., set forth an orderly and logical sequential process for evaluating all disability claims. In this sequence, the Administrative Law Judge must first decide whether the plaintiff is engaging in substantial gainful activity. If not, then the severity of the plaintiff's impairment must be considered. If the impairment is severe, then it must be determined whether he meets or equals the "Listings of Impairments" in Appendix 1 of the Regulations which the Commissioner has deemed of sufficient severity to establish disability. If the impairment does not meet or equal the Listings, then it must be ascertained whether he can do his past relevant work. If not, then the residual functional capacity of the plaintiff must be ascertained, considering all the medical evidence in the file. The finding of residual functional capacity is the key to the remainder of findings under the new regulations. If the plaintiff's impairment is exertional only, (i.e. one which limits the strength he can exert in engaging in work activity), and if his impairment enables him to do sustained work of a sedentary, light or medium nature, and the findings of age, education and work experience, made by the Administrative Law Judge coincide precisely with one of the rules set forth in Appendix 2 to the regulations, an appropriate finding is made. If the facts of the

specific case do not coincide with the parameters of one of the rules, or if the plaintiff has mixed exertional and non-exertional impairments, then the rules in Appendix 2 are used as guidelines in assisting the Administrative Law Judge to properly weigh all relevant medical and vocational facts.

>Based on the evidence presented, the Commissioner concluded:

>The claimant is a 45-year-old individual with a high school education. His past work experience includes employment as a warehouseman.

>\* \* \*

>The medical evidence establishes that the claimant has residuals, status post lumbar laminectomy and discecetomy at L4-L5, an impairment that is "severe" within the meaning of the Regulations but not "severe" enough to meet or medically equal, either singly or in combination to one of the impairments listed... The claimant's back condition is not attended by the neurological deficit or inability to ambulate effectively required.

>\* \* \*

>The evidence of record establishes a basis for a degree of pain and functional limitations associated with the claimant's back condition, but it fails to support the disabling degree alleged by the claimant. The claimant has a history of injuring his back while working on November 29, 1998. He was able to continue working as a warehouseman, a job that requires the performance of medium to heavy exertional demands ... until September 1999. He reported having progressively increasing low back and bilateral leg pain... showed central disc protrusion, degenerative disc changes, and some stenosis at L4-L5. Examination revealed exquisite point tenderness in the back and bilateral positive straight leg raising test, but detailed motor, reflex, and sensory examination was completely normal.

>\* \* \*

>Consistent with the opinions of the treating and examining physicians, a state agency medical consultant submitted an assessment on March 23, 2004, in which he opined that the claimant could perform the demands of light work.

> The clinical findings and opinions of the treating and examining physicians ... fail to establish a basis for the degree of pain and functional limitations alleged by the claimant ...
>
> The claimant's reported activities are also inconsistent with the degree of pain and functional limitations alleged at the hearing...
>
> Accordingly, the undersigned finds the claimant has failed to establish any 12 month period since his alleged onset date during which he was unable to perform the demands of light work with certain modifications. He must be allowed to sit or stand at will during the workday. He can perform no repetitive bending or climbing and cannot be exposed to hazards. I find that he has retained the ability to perform this range of work on a regular and continuing basis, eight hours a day for five days a week.
>
> * * *
>
> Based on the testimony of the vocational expert, the undersigned concludes that considering the claimant's age, educational background, work experience, and residual functional capacity, he is capable of making a successful adjustment to work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore reached ... (R.16-23).

The record demonstrates that the plaintiff sustained a back injury at work in 1998 and has not worked since 1999. However, all physicians who submitted reports, both treating and consulting physicians reported that he was capable of being gainfully employed with some limitations on the nature of his employ. For this reason, the conclusion of the Commissioner is supported by substantial evidence.

Summary judgment is appropriate when there are no disputed material issues of fact, and the movant is entitled to judgment as a matter of law. <u>Biener v. Calio</u>, 361 F.3d 206 (3d Cir. 2004). In the instant case, there are no material factual issues in dispute, and it appears that the Commissioner's conclusion is supported by substantial evidence. For this reason, it is recommended that the defendant's motion for summary judgment be granted, and that the decision of the Commissioner be affirmed.

Within thirteen days after being served with a copy, any party may serve and file written objections to the report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        s/ROBERT C. MITCHELL,
        United States Magistrate Judge

Dated: June 13, 2006